UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
SHELIA S. BOWE-CONNOR,              )
                                    )
             Plaintiff,             )
                                    )
        v.                          )   Civil Action No. 15-cv-0269 (KBJ)
                                    )
ROBERT A. MCDONALD, *Secretary*     )
*of Veterans Affairs*,              )
                                    )
             Defendant.             )
                                    )
_____)

**MEMORANDUM OPINION**

On February 24, 2015, *pro se* plaintiff Sheila S. Bowe-Connor ("Plaintiff") filed the instant complaint against the Secretary of Veterans Affairs, in which she alleges that she was wrongfully terminated from her position at the Department of Veterans Affairs Medical Center. (Compl., ECF No. 1.) Plaintiff filed a nearly identical complaint six days before—both complaints recite the same allegations using the same language, seek the same relief, and name the same defendant; the only difference between the two is the deletion of a few words. (*Compare* Compl., *with Bowe-Connor v. McDonald*, No. 15-cv-0231, Compl., ECF No. 1 (Feb. 18, 2015).)

Where a plaintiff brings duplicative claims against the same defendant, rather than allowing both cases to proceed or consolidating the two cases, "[t]he better course . . . is to dismiss the claims" in the new case as duplicative of the already-pending claims. *See McMillian v. District of Columbia*, No. 05-2127, 2006 WL 6927884, at *1 (D.D.C. Sept. 25, 2006); *see also Phelps v. Stomber*, 883 F. Supp. 2d 188, 232-33 (D.D.C. 2012) ("[P]laintiffs may not file duplicative complaints in order to expand their

legal rights." (emphasis in original) (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 140 (2d Cir. 2000))). "Plaintiffs generally 'have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Sturdza v. United Arab Emirates*, No. 09-0699, 2009 WL 1033269, at *1 (D.D.C. Apr. 16, 2009) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)). This bar against duplicative pleadings applies to all plaintiffs, whether they are represented by counsel or proceeding *pro se*. *See, e.g.*, *Phelps*, 883 F. Supp. 2d at 233 (dismissing as duplicative claims of plaintiff represented by counsel); *Sturdza*, 2009 WL 1033269, at *1 (dismissing *pro se* plaintiff's claims as duplicative of, and redundant to, pending actions).

The instant claims are entirely duplicative of those that Plaintiff asserts in case number 15-cv-0231. Therefore, as set forth in the order accompanying this opinion, the instant case is **DISMISSED**. *See Sturdza*, 2009 WL 1033269, at *1 ("In consideration of 'wise judicial administration,' a district court may use its inherent powers to dismiss a suit that is duplicative of another suit in federal court." (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976))).

Date:  February 25, 2015

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge